**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>JASON P. GOINS, an Individual; and DOES 1-10, Inclusive,<br><br>        Defendants. | Case No.:  CV13-4943 CBM (AJWx)<br><br>**PERMANENT INJUNCTION ORDER AGAINST DEFENDANT JASON P. GOINS**<br><br>Complaint Filed:  July 10, 2013<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

Having reviewed the Stipulation to Issuance of Permanent Injunction entered into between Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") and Defendant JASON P. GOINS ("Defendant"), and good cause appearing, the Court hereby finds as follows:

1. Plaintiff is the owner of numerous trademarks which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including high-quality protective cases, peripherals and accessories for portable electronic devices and computers. Plaintiff owns all rights in and to a family of federally registered trademarks which include the following, among others (collectively, "Plaintiff's Marks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

2. Plaintiff also has numerous pending trademarks with the United States Patent and Trademark Office. The serial numbers of Plaintiff's pending trademarks

are as follows: 85416877; 85456430; 85458259; 85462689; 85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999; 85428337; 85288182; 85288187 and 85342514.

3. On July 10, 2013, Plaintiff filed its Complaint in this Civil Action No. Civil Action No. CV13-4943 CBM (AJWx) against Defendant, alleging causes of action under §32(1) of the Lanham Act (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin Defendant's current and prospective infringement and dilution of the Plaintiff's Marks and unfair competition, and to recover monetary damages resulting from those actions.

4. Plaintiff served the summons and Complaint on Defendants on April 26, 2013.

5. Defendant, based on information provided to him by Plaintiff, admits that he has sold no less than 4,638 units of counterfeit OTTERBOX® products on eBay.com, seller ID "ln01962".

6. After reviewing the papers and evidentiary support provided to Defendant, Defendant has agreed to stipulate to the issuance of a permanent injunction with respect to matters referenced in this Stipulation.

7. Defendant admits that, without Plaintiff's knowledge or consent and based on information provided to Defendant by Plaintiff, he purchased and sold in interstate commerce counterfeit and non-genuine products which displayed, infringed, and diluted Plaintiff's Marks.

8. The parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent

1 Injunction Order on this Stipulation for Entry of Permanent Injunction, provided
2 however, that no such waiver shall be deemed to exist insofar as damages are
3 concerned, it being agreed that Defendant may offer proof in defense of Plaintiff's
4 claims for damages.

1  Injunction Order on this Stipulation for Entry of Permanent Injunction, provided
2  however, that no such waiver shall be deemed to exist insofar as damages are
3  concerned, it being agreed that Defendant may offer proof in defense of Plaintiff's
4  claims for damages.

5      9.      The parties agree that the Permanent Injunction shall remain in full
6  force and effect through the final disposition of this action and that any right to set
7  aside the permanent injunction, appeal therefrom or to otherwise attack its validity
8  is hereby waived.

9      NOW THEREFORE, IT IS HEREBY ORDERED THAT Defendant and his
10 agents, employees, officers, directors, owners, attorneys, representatives, successor
11 companies, related companies, and all persona acting in concert or participation
12 with it, and each of them, are, through the final disposition of this action,
13 PERMANENT ENJOINED from:

14      a.      The import, export, making, manufacture, reproduction,
15 assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment,
16 distribution, shipment, licensing, development, display, delivery, marketing,
17 advertising or promotion of the counterfeit OTTERBOX® product identified in the
18 Complaint or in this Injunction (including any non-genuine reproduction,
19 counterfeit, copy or colorable imitation thereof).

20      b.      The import, export, making, manufacture, reproduction,
21 assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment,
22 distribution, shipment, licensing, development, display, delivery, marketing,
23 advertising or promotion of the infringing and diluting product identified in the
24 Complaint or in this Injunction which infringes or dilutes any of Plaintiff's Marks,
25 trade name and/or trade dress as identified in the Complaint or in this Injunction.

26      c.      The unauthorized use, in any manner whatsoever, of any of
27 Plaintiff's  Marks, trade name and/or trade dress as identified in the Complaint or
28 in this Injunction, including any variants, colorable imitations, translations and/or

simulations thereof and/or any items that are confusingly similar thereto, including specifically:

        i.     on or in conjunction with any product or service; and

        ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any of Plaintiff's Marks, trade name, or trade dress as identified in the Complaint or in this Injunction that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

    e.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks as identified in the Complaint or in this Injunction until further order from the Court.

    f.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's Marks as identified in the Complaint or in this Injunction until further order from the Court.

10.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

//

//

1  11. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

IT IS SO ORDERED.

DATED: October 10, 2013   _____
Hon. Consuelo B. Marshall
United States District Court Judge